The opinion of the court was delivered by
McEnery, J.
The defendant was indicted for murder, and convicted of an assault with intent to kill, and sentenced to pay a fine of' $100 and to be imprisoned in the parish jail for six months. From this judgment he has appealed. 1
On Motion to Dismiss.
The motion to dismiss the appeal is based on the fact that the fine-imposed does not exceed $300.
The offence charged in the indictment is punishable with death or-hard labor.
This question of jurisdiction under Art. 81 of the Constitution of 1879 was elaborately reviewed in the case of State ex rel. Gabriel vs. Judge, 33 An. 1227. The interpretation of the article was that-“under the present Constitution, the accused, in criminal cases in which the punishment of death or imprisonment at hard labor maybe inflicted, is entitled to an appeal to this court, whether the verdict of the jury or judgment of the lower court is or not for a lesser-punishment.”
This has been affirmed in several, cases. State vs. Williams, 37 An. 200; State vs. Taylor, 34 An. 978.
The motion to dismiss is therefore denied.
There are several defences urged.
It will be necessary to notice only the exception to the judge’s, charge to the jury and the motion in arrest of judgment. They will, be considered together, as the verdict was in accordance with that portion of the charge excepted to.
The indictment charged murder.
*583 The verdict was guilty of an assault with intent to kill.
The motion in arrest of judgment is that no such verdict could be-returned on the indictment.
It must prevail.
The two offences are separate and distinct, and could not be included in the same count in one indictment. They are not of the-same generic class, and the lesser is not included in the greater.. The verdict was not responsive to the indictment. State vs. Pratt, 10 An. 191; State vs. Murdoch, 35 An. 729; State vs. Day, 37 An. 785; State vs. Oliver, 38 An. 632.
Under our jurisprudence on an indictment for murder a verdict for-only one crime, manslaughter, of a less grade is permitted. R. S.,. Sec. 785.
It is therefore ordered, adjudged and decreed that the judgment appealed from be avoided and annulled, and it is now ordered that the case be remanded to be proceeded with according to law.